## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ENERFIN RESOURCES COMPANY | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-70-KEW |
| (1) BASIN ENVIRONMENTAL & SAFETY TECHNOLOGIES, LLC and (2) HULL'S ENVIRONMENTAL SERVICES, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, Enerfin Resources Company ("Enerfin" or "Plaintiff"), for its claims against Defendants Basin Environmental & Safety Technologies, LLC ("Basin") and Hull's Environmental Services, Inc. ("Hull's" and collectively, "Defendants"), alleges and states as follows:

## THE PARTIES

1. Enerfin is a Texas corporation with its principal place of business in Houston, Texas.

2. Basin is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma.

3. Hull's is an Oklahoma corporation with its principal place of business in Panama City, Florida.

1

## JURISDICTION AND VENUE

4. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Federal jurisdiction therefore exists under 28 U.S.C. § 1332(a)(1).

5. Venue is proper in the Eastern District of Oklahoma under 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this claim occurred in this judicial district.

6. Enerfin also states a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining questions of an actual, justiciable controversy now existing between the parties.

## FACTUAL BACKGROUND

7. Enerfin incorporates by reference Paragraphs 1 through 6 as if fully set forth herein.

8. Enerfin is a natural gas and crude oil midstream field services business that operates in Oklahoma.

9. Basin is a field services business that provides environmental services, including site remediation and cleanup in response to spills.

10. Basin represented to Enerfin that it had the necessary expertise, technical ability, equipment and personnel to provide environmental services to Enerfin.

11. In December 2018, Enerfin hired Basin to provide cleanup and remediation services for a spill of approximately 15 barrels of oil near Okemah Lake. Basin hired Hull's as a subcontractor to participate in the same cleanup and remediation efforts.

12. Enerfin and Basin executed a Master Service Agreement (the "Agreement") to cover the services provided in the Okemah Lake cleanup. Paragraph 5(a) of the Agreement requires Basin to perform all services for Enerfin in a thorough, good and workmanlike manner that meets or exceeds the highest recognized standards of good practice in the industry.

13. Paragraph 5(c) of the Agreement requires Basin to ensure that both Basin and Hull's performed all services for Enerfin according to their best skill and knowledge and in the most efficient, timely and economical manner.

14. Basin and Hull's began remediation efforts in December of 2018, but failed to perform their services in either a timely, efficient, economical or good and workmanlike manner. Such failure not only constitutes a breach of the warranties provided by Basin in the Agreement, but also negligence on the part of Basin and Hull's. As a result of their negligence and their failure to perform their services in accordance with the Agreement and industry standards, Defendants have failed to effectively and completely contain or remediate the subject spill. Upon information and belief, Basin has made misrepresentations to regulatory agencies and other parties.

15. Upon discovering that Defendants were conducting operations in a negligent manner and failing to perform services in a timely, efficient, economical and good and workmanlike manner, Enerfin hired an additional environmental consultant to oversee the remediation.

16. Ultimately, Enerfin terminated the Agreement due to the negligence and breach by Basin and Hull's.

17. Despite their negligence and other failures, Basin issued a series of invoices to Enerfin totaling approximately $800,000.00 to date. These invoices include substantial charges from Hull's.

18. The amounts reflected in the invoices are not reasonable, necessary, or customary for a crude oil spill of the size experienced near Okemah Lake. They are also artificially inflated by additional work required by Defendants' poor workmanship and failure to properly contain and remediate the spill. Accordingly, Plaintiff has incurred damages as a result of the inflated charges and having to hire another environmental consultant to properly complete the job Basin was hired to do. Further, Plaintiff should not be required to pay the invoices submitted by Defendants. This dispute has arisen as a result.

## COUNT 1
**(Professional Negligence)**

19. Enerfin incorporates by reference Paragraphs 1 through 18 as if fully set forth herein.

20. Defendants owed a duty of care to Plaintiff arising from their performance of professional environmental services related to the cleanup and remediation near Okemah Lake.

21. Defendants breached that duty by failing to perform the professional services in a reasonable or workmanlike manner. As a result, Defendants failed to properly contain and remediate the subject spill.

22. Enerfin has been damaged by Defendants' failure to properly perform the subject remediation services.

### COUNT 2
**(Negligence)**

23. Enerfin incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24. Defendants had a duty to Plaintiff to perform cleanup and remediation services for the benefit of Plaintiff in a manner that would accomplish the services in the most efficient, timely and economical manner. Basin and Hull's also owed Plaintiff a duty to perform the services in a thorough, good and workmanlike manner that was in compliance with the Agreement.

25. Defendants breached that duty by failing to perform the services in a reasonable or workmanlike manner. As a result, Defendants failed to properly contain and remediate the subject spill.

26. Enerfin has been damaged by Defendants' failure to properly perform the remediation services.

### COUNT 3
**(Breach of Contract)**

27. Enerfin incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28. Enerfin and Basin entered into the Agreement on or about December 26, 2018. Hull's was hired as a subcontractor by Basin to provide services pursuant to the same Agreement.

29. Pursuant to the Agreement, Basin and Hull's were required to perform services for Enerfin in a workmanlike manner that met or exceeded the highest industry standards for good practice.

30. Defendants failed to perform services in a workmanlike manner or in conformance with provisions 5(a) and 5(c) of the Agreement which specifically required their services to be performed in an efficient, timely and economical manner. As a result, the spill which Defendants were hired to clean up was not appropriately contained or remediated by Defendants.

31. Plaintiff has been damaged as a result of Defendants' failures and omissions.

## COUNT 4
**(Declaratory Relief)**

32. Enerfin incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33. Declaratory and further relief is appropriate pursuant to 28 U.S.C. § 2201.

34. An actual controversy has arisen concerning the rights and obligations of Enerfin to Basin and Hull's under the Agreement; specifically, Enerfin's obligation under the Agreement to pay invoices submitted by Basin for work which was negligently performed and which reflect amounts that are unreasonable, unnecessary, and disproportionate for the size and scope of the subject spill, and are inflated by Defendants' breach of contract and failure to properly contain and remediate the spill.

35. This disagreement is an actual, justiciable controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## **DECLARATIONS AND DAMAGES**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and prays for the following relief:

1. A judgment declaring Defendants are not entitled to full payment for the outstanding invoices because they are unreasonable, unnecessary and disproportionate to the subject spill, and artificially inflated by Defendants' own negligence and breach of contract.

2. A judgment declaring what amounts of the outstanding invoices, if any, are due and owing because they are reasonable, necessary and proportionate to the subject spill.

3. Damages adequate to reimburse Enerfin for the harm caused by Defendants' professional negligence.

4. Damages adequate to reimburse Enerfin for the harm caused by Defendants' negligence.

5. Damages adequate to reimburse Enerfin for the harm caused by Defendants' breach of contract.

6. Reasonable litigation expenses and reasonable attorney's fees.

7. For such other and further relief as this Court or a jury may deem proper and just.

A jury trial is demanded.

Dated: February 27, 2019

                Respectfully submitted,

                /s/ J. Todd Woolery
                Christian S. Huckaby, OBA #16131
                J. Todd Woolery, OBA #18882
                McAfee & Taft A Professional Corporation
                10th Floor, Two Leadership Square
                211 North Robinson
                Oklahoma City, OK 73102-7103
                Telephone:   (405) 235-9621
                Facsimile:    (405) 235-0439
                Chris.huckaby@mcafeetaft.com
                todd.woolery@mcafeetaft.com